# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

## Case Nos. 12-1128, 12-1584, 12-1585 and 12-1738

AMERICAN UNIVERSITY OF ANTIGUA COLLEGE
OF MEDICINE,

       Plaintiff-Appellee,

v

STEVEN L. WOODWARD,

       Defendant-Appellant

**Appeal from the United States District Court for the Eastern District of Michigan**
**Lower Court Case No. 10-10978**

## AMERICAN UNIVERSITY OF ANTIGUA'S RESPONSE TO WOODWARD'S MOTION TO TAKE JUDICIAL NOTICE

**Submitted by:**

*Eric A. Buikema*
*Cardelli, Lanfear & Buikema, P.C.*
*322 W. Lincoln*
*Royal Oak, MI 48067*
*(248) 544-1100*
*Fax: (248) 544-1191*
*ebuikema@cardellilaw.com*

American University of Antigua College of Medicine ("AUA"), responds to Defendant-Appellant Steven Woodward's ("Woodward") "A Motion to Take Judicial Notice" as follows:

1. Woodward seeks to have this Court take judicial notice that AUA has "knowingly committed perjury and made false declarations to Courts and (sic) including the United States Court Of Appeals".

2. Woodward's motion is seemingly an *ex post facto* attempt at a "truth" defense to justify his prior statements that AUA committed perjury, ignoring the fact that appeals are based solely on the record below.

3. Woodward's motion is deficient as it does not "state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it." Fed. R. App. Pro. 27(a)(2)(A).

4. Woodward provides no legal grounds for an appellate court to take judicial notice of an issue, and leaves it up to this Court to discern the basis for his position[1].

5. Even if the Court were to turn to the substance of Woodward's motion, it must be denied.

---

[1] Assuming Woodward's motion is premised on FRE 201, his motion must be denied as AUA's alleged commission of perjury is (a) subject to reasonable dispute; (b) not generally known within the trial court's territorial jurisdiction; and (c) cannot be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

6. Woodward conflates the obligation to disclose a relationship with a <u>publicly owned</u> corporation with the disclosure of any corporate affiliation.

7. The Sixth Circuit Rules provide the requirement for financial disclosure[2]. 6 Cir. R. 26.1[3] provides as follows:

> (b) **Financial Interest to Be Disclosed.**
> (1) Whenever a corporation that is a party to an appeal, or which appears as amicus curiae, **is a subsidiary or affiliate of any <u>publicly owned corporation</u> not named in the appeal**, counsel for the corporation that is a party or amicus shall advise the clerk in the manner provided by subdivision (c) of this rule of the identity of the parent corporation or affiliate and the relationship between it and the corporation that is a party or amicus to the appeal. A corporation shall be considered an affiliate of a publicly owned corporation for purposes of this rule if it controls, is controlled by, or is under common control with a publicly owned corporation.
> \*   \*   \*
> (c) **Form and Time of Disclosure.** The disclosure statement shall be made on a form provided by the clerk and filed with the brief of a party or amicus or upon filing a motion, response, petition, or answer in this court, whichever first occurs. (emphasis supplied).

8. AUA filed its disclosures (separate disclosures were filed for each Sixth Circuit Case number)

9. Woodward produced no evidence to suggest that AUA is a subsidiary or affiliate of a <u>publicly owned corporation</u>.

---

[2] The underlying purpose of the rules regarding financial disclosure is to assist judges in determining whether their disqualification is warranted. See e.g. Fed. R. App. Pro 26.1 Notes of Advisory Committee Rules (1989).

[3] The Sixth Circuit Rules supplement the Federal Rules of Appellate Procedure and in some instances, such as 6 Cir. R. 26.1, provide more precise requirements consistent with the Federal Rules. See 6 Cir. R. 1 and Fed. R. App. Pro. 47.

10. Indeed, in a prior corporate disclosure statement that Woodward appended as Exhibit 1 to his motion, AUA disclosed its affiliations with other entities, but unequivocally stated that "**None of these entities is publicly traded**."

11. Woodward's second exhibit is excerpts from a Plaintiff's complaint against AUA. A plaintiff's allegations against AUA is insufficient to bind AUA.

12. Woodward's fourth exhibit is an affidavit that AUA supplied in support of a motion to dismiss. There an attorney for AUA disclosed its corporate affiliations, but did not aver that any such corporate entity was publicly traded.

13. Woodward's fifth and sixth exhibits purport to establish the addresses of AUA facilities. It is unclear how AUA facility addresses amount to perjury.

14. Woodward has produced no evidence that AUA has run afoul of the financial disclosure rules.

As Woodward's motion fails to set forth any legal grounds for judicial notice or any factual evidence to support his claims, an order denying the same is appropriate.

/s/ Eric A. Buikema (P58379)
Eric A. Buikema (P58379)
Cardelli, Lanfear & Buikema, P.C.
322 West Lincoln Avenue
Royal Oak, Michigan 48067
(248) 544-1100
ebuikema@cardellilaw.com

## **CERTIFICATE OF SERVICE**

Kathy Zalewski, being duly sworn, deposes and says that on the 5th day of February, 2013 she mailed via first class mail a copy of American University of Antigua's Response to Woodward's Motion to Take Judicial Notice to Steven L. Woodward, 7211 Brittwood Lane, Flint, MI  48507.

s/ Kathy Zalewski